LAWRENCE W. CARNEY, Appellant, v. ANTHONY TADDEO, Respondent.— Judgment affirmed, without costs of this appeal to either party. All concur. (Appeal from a judgment of Monroe Trial Term for defendant for no cause of action in a negligence action.) Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Van Duser, JJ.

■

EDITH ROTH, Appellant, v. SAMUEL J. LIPSIH, Respondent.— Judgment affirmed, with costs. All concur. (Appeal from a judgment of Monroe Trial Term dismissing the complaint in a negligence action.) Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Van Duser, JJ.

■

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PHILIP DOVICO, Appellant.— Order affirmed. All concur. (Appeal from an order of Monroe County Court denying petitioner's motion in nature of writ of error *coram nobis*.) Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Van Duser, JJ.

■

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EUGENE A. KEPNER, Appellant.— Order affirmed. All concur. (Appeal from an order of Cayuga County Court denying petitioner's application for writ of error *coram nobis*.) Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Van Duser, JJ.

■

LAUREL NEPHEW, as Administratrix of the Estate of ROBERT C. NEPHEW, Deceased, Respondent, v. WILLIAM HIGGINS & SONS, INC., Appellant and Third-Party Plaintiff, et al., Defendant. H. F. STIMM, INC., Third-Party Defendant.— Order and judgment affirmed, with $10 costs and disbursements. All concur. (Appeal from an order of Erie Special Term granting plaintiff's motion to strike out an affirmative defense in the answer of the defendant-third-party plaintiff. The judgment was for motion costs awarded by the order.) Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Van Duser, JJ.

■

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HOWARD PROSSER, Appellant.— Judgment of conviction affirmed. Memorandum: While we are holding that the judgment of conviction was amply supported by the evidence, we are not unaware of the defendant's contention that he was not granted a "speedy" trial of this particular indictment and that his 1953 conviction should for such reason be set aside. The answer, of course, is that he had a remedy provided by section 668 of the Code of Criminal Procedure, under which he failed to proceed. However, in affirming the judgment of conviction herein, we do not overlook, and do not condone, the failure, on the part of prosecuting authorities in not too infrequent instances, in disposing of indictments promptly and expeditiously, rather than to carry them undisposed of indefinitely. Where a defendant is available, the prosecuting office should be diligent in disposing of such a case, or cases, promptly and with due dispatch. All concur. (Appeal from a judgment of Oswego County Court, convicting defendant of the crimes of burglary, third degree, and grand larceny, first degree.) Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Van Duser, JJ.